IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:94CR3000 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| GREGORY T. WALSH, | ) | |
| | ) | |
| Defendant. | ) | |

     Defendant, Gregory T. Walsh ("Walsh"), appearing pro se, has filed a "petition for post-conviction relief" under "the Nebraska Post-Conviction Act." (Filing 86.) He has also filed a motion to proceed in forma pauperis and a motion for appointment of counsel. (Filings 87, 88.) Walsh states that he has been incarcerated since January 15, 2003, at the Danville Correctional Center in Danville, Illinois.

     Such incarceration does not appear to relate to the conviction in this case. The records shows that Walsh pleaded guilty to one count of credit card fraud and was sentenced to 3 years probation on March 27, 1995 (filing 46). On April 19, 1996, Walsh's probation was revoked and he was committed to the custody of the United States Bureau of Prisons for a period of 3 months (filing 64).

     The Nebraska postconviction relief act, Neb. Rev. Stat. § 29-3001, has no application to a federal criminal case. Although Walsh's petition has been docketed as a motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence of a person in federal custody, that statute only applies where the prisoner is in custody under the sentence that is being challenged.[1]  See Maleng v. Cook, 490 U.S. 488, 492-93 (1989).

---

[1] Section 2255 also contains a one-year limitation period that would appear to preclude any relief in this case.

Walsh's filing therefore will be treated as a petition for a writ of error coram nobis. See McFadden v. United States, 439 F.2d 285, 286 (8th Cir. 1971) (federal prisoner could challenge prior conviction by petitioning for a writ of error coram nobis); 28 U.S.C. § 1651 ("All Writs Act"). Thus treated, the petition will be denied.

> A writ of coram nobis is an "extraordinary remedy," and courts should grant the writ "only under circumstances compelling such action to achieve justice" and to correct errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 511-12, 74 S.Ct. 247, 252-53, 98 L.Ed. 248 (1954). Accordingly, a petitioner must show a compelling basis before coram nobis relief will be granted, see Kandiel v. United States, 964 F.2d 794, 797 (8th Cir. 1992), and the movant "must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis." Id.

United States v. Camacho-Bordes, 94 F.3d 1168, 1173 (8th Cir. 1996). "The Eighth Circuit has also stated that a person seeking coram nobis relief must demonstrate that he presently suffers adverse legal consequences which stem from the conviction he is challenging." Hunter v. United States, 317 F. Supp. 2d 1147, 1148 (D.N.D. 2004) (citations omitted).

Moreover, the petitioner "must show sound reasons for failing to seek appropriate earlier relief." McFadden, 439 F.2d at 287 (citing Morgan, 346 U.S. at 512. See also White v. United States, 175 F.3d 1026 (Table), 1999 WL 197178, *1 (8th Cir. 1999) (petition properly denied where petitioner failed to raise claim on direct appeal and offered no sound reason for waiting 18 years after conviction to seek relief using the extraordinary remedy of a writ of coram nobis). "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this (writ) only under circumstances compelling such action to achieve justice." Willis v. United States, 654 F.2d 23, 24 (8th Cir. 1981) (quoting Morgan, 346 U.S. at 511).

Walsh generally alleges that he received ineffective assistance of counsel and claims that he has proof of his innocence. He does not allege that such proof was previously unavailable, nor is at all apparent in what respects his attorney allegedly failed to provide proper representation. In short, no errors "of the most fundamental character" are alleged. Furthermore, even if Walsh's petition might otherwise be deemed adequate, he has failed to show that his 1995 conviction has continuing adverse legal consequences, and has also failed to show any sound reasons why he has waited ten years to challenge his guilty plea. For these reasons, his petition will be denied.

Accordingly,

IT IS ORDERED that:

1. Defendant's petition for post-conviction relief (filing 86), treated as a petition for a writ of error coram nobis, is denied.

2. Defendant's motion to proceed in forma pauperis (filing 87) is denied.

3. Defendant's motion for appointment of counsel (filing 88) is denied.

4. Judgment shall be entered by separate document.

DATED: May 10, 2005.          BY THE COURT:

                              s/ Richard G. Kopf
                              United States District Judge